UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ZT MOTORS HOLDING GP, LLC<br>*Plaintiff,*<br><br>v.<br><br><br>AMERICAN SOUTHERN HOME<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:25-cv-215 |

**PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND**

Plaintiff ZT Motors Holding GP, LLC ("ZT Motors" or "Plaintiff") by and through its attorneys, files this Original Complaint & Jury Demand against Defendant American Southern Home Insurance Company ("American Southern" or "Defendant") and would respectfully show the following:

**Parties**

1.      ZT Motors Holding GP, LLC is a limited liability company maintaining its principal place of business in Frisco, Texas.

2.      Upon information and belief, American Southern is a foreign fire and casualty company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. American Southern regularly conducts the business of insurance in a systematic and continuous manner in the state of Texas. American Southern may be served with process through its registered agent, **Registered Agent Solutions, Inc., 5301 Southwest Parkway Suite 400, Austin, Texas 78735.**

**Venue & Jurisdiction**

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs. It has personal jurisdiction because American Southern's conduct and activities in Texas give rise to this case and each of Plaintiff's claims.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district. Investigation, including key claim communications to Plaintiff and from Defendant's assigned adjusters (including claim rejections, telephone calls, and other communications to Plaintiff) occurred within this district, and properties that are the subject of this action are situated within this District.

**Factual Background**

*The Properties*

5.      Plaintiff owns the properties (collectively, the "Properties") located at

- 3205 FM 528 Road, Alvin, TX 77511;
- 111 Hwy. 6 East, Alvin, TX 77511;
- 3005 FM 528 Road, Alvin, TX 77511;
- 3700 N. Hwy. 35 Bypass, Alvin, TX 77511; and
- 585 Victory Lane, Alvin, TX 77511

The Properties each contain one or more buildings including, but not limited to car showrooms, service repair centers, detail/liner shops, and warehouses.

*The Policy*

6.      Prior to July 8, 2024, American Southern marketed and sold to Plaintiff a comprehensive commercial property insurance policy purportedly insuring Plaintiff's properties and business against certain property losses. The Properties are covered under the commercial property insurance policy issued by American Southern, Policy No. 7MA6CP0000001-00, for the policy period from December 1, 2023 to December 1, 2024 (hereafter, the "Policy"). ZT Motors is a named insured under the Policy. In exchange for Plaintiff's substantial premium payment, Plaintiff's Policy covers the Properties against damages caused by wind and water. *See* Ex. A, Policy.

*Plaintiff makes insurance claim for damages.*

7.      On or about July 8, 2024, Hurricane Beryl made landfall on the Gulf Coast and moved through Alvin, Texas, unleashing strong winds and heavy rains across the area. As a result of the storm, the Properties sustained significant damage. Across the various buildings located at the Properties, Hurricane Beryl damaged roof systems, exteriors, windows, a large retention pond, and caused substantial interior water damage at multiple buildings, among other forms of damage.

8.      Plaintiff promptly set to work cleaning up after the storm and initiating temporary repairs to mitigate the harm caused by the hurricane and prevent additional damages. After the cleanup and once Plaintiff attempted to resume normal business operations, Plaintiff realized the scope of the damage was extensive and enlisted consultants to determine that losses were at least in excess of $2,000,000.

9.      Yet as devastating as the physical damage was, ZT Motors felt fortunate to be protected by the insurance coverage it had procured to insure the Properties from precisely

these types of catastrophes. Plaintiff filed an insurance claim after the storm under the Policy with American Southern, alerting American Southern to the severity of the damages. This sense of security, borne of pricey contractual relationship, would prove illusory as Defendant began its investigation and handling of the claim.

10.     American Southern is the insurer on the property. Following the loss event, American Southern assigned Claim No. 244000001 to the file and enlisted American Claims Management ("ACM")—out of Carlsbad, California—as the third-party administrator to act on their behalf. In Turn, ACM hired the Littleton Group, part of the Davies Group, as the field adjusting company to inspect the loss and assess the damages. Brian Ueckert with the Littleton Group was assigned as the field adjuster. American Southern also retained Architectural Testing, Inc. and U.S. Building Consulting Group ("USBCG")—out of Woodstock, Georgia—to inspect some of the Properties. American Southern's consultants did not visit or inspect the Properties until  August 23, 2024, and again on October 3, 2024. None of them were qualified to assess the type of damages sustained across the variety of buildings, roofs, and structures owned by Plaintiff.

11.     Brian Ueckert prepared two statements of loss on November 13, 2024 based on field estimates derived from American Southern's inspections. Without fail, Mr. Ueckert found that the damage sustained by each building across Plaintiff's Properties fell below its deductible.

12.     Plaintiff did not receive an explanation or disposition on coverage for nearly another month after the second inspection. On October 28, ACM issued a partial denial letter on some of the buildings. However, ACM would not issue a letter fully addressing the buildings observed during the October 3, 2024 inspection until January 6, 2025.

13. American Southern and its agents concluded that the hurricane damage was minimal, ignored the scope of serious damages, and represented that any other damage was not related to the hurricane that struck the Properties, despite clear evidence to the contrary.

14. ACM denied that certain temporary roof repairs made by Plaintiff shortly after Hurricane Beryl were storm related. ACM further denied that most instances of interior water damage were caused by the storm. Even where ACM acknowledged the existence of storm-created openings and resulting water intrusion, it still found that the majority of the water damage observed was the result of age and deterioration—and consequently not covered by the Policy. Without fail, American Southern's agents found that the damage sustained at each building across the Properties fell below the Policy's deductible.

15. ACM's position is simply not credible with respect to the clear damage sustained by the Properties. For months after the storm, Plaintiff has been forced to make a series of temporary repairs to prevent further damage while awaiting the payment it needs to permanently fix the Properties.

16. American Southern's adjusters and agents performed an outcome-oriented investigation and reached a conclusion at odds with important facts, physical evidence, and meteorological data supporting Plaintiff's claim. American Southern's adjusters, agents, and consultants were fully aware of this information but instead chose to ignore it. These improper claim-handling practices resulted in an inadequate damage estimate that broadly minimized and improperly excluded Plaintiff's covered losses. American Southern relied on these practices to avoid its contractual responsibilities and to save itself significant sums of money.

17.    Following American Southern's insufficient estimate and improper denial, Plaintiff had no choice but to retain additional consultants to assess the Properties' damages. These consultants identified an even greater scope of damage than Plaintiff's initial estimate, well in excess of any deductible under the Policy. Moreover, these consultants confirmed that the observed damage was caused by Hurricane Beryl.

18.    To this day, American Southern continues to wrongfully refuse to pay Plaintiff's claim for property repairs under the Policy. American Southern has systematically minimized or mischaracterized the damages suffered by Plaintiff in such a way to totally deprive Plaintiff of the benefits owed to it under the Policy.

***Plaintiff sends a demand letter in compliance with Texas law***

19.    On June 1, 2017, Governor Abbott signed House Bill 1774 into law as Section 542A of the Texas Insurance Code. This new law was sponsored by approximately sixty state representatives and senators and contains important consumer protections against a variety of unscrupulous practices. Particularly, Section 542A.003 requires detailed, comprehensive presuit notice that is intended to make the claims and litigation processes more transparent and potentially even avoid unnecessary lawsuits. Upon receiving notice, an insurer has a right to conduct an inspection and even make an offer to avoid litigation. When utilized properly, Section 542A should assist business consumers like Plaintiff to avoid protracted litigation over a clear claim.

20.    In compliance with Section 542A.003, Plaintiff sent its pre-suit notice to American Southern on April 14, 2025. The pre-suit notice provided a comprehensive outline of Plaintiff's claim and damages, quantified its loss, and even offered to waive a formal claim for attorneys' fees if the contractual amounts were paid promptly.

21.     American Southern acknowledged receipt on April 22, 2025.

**Count 1 – Violations of Texas Insurance Code, Section 541**

22.     Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

23.     American Southern failed or refused to make payments for covered damages, including without limitation, recoverable depreciation, code payments, ordinance and law payments, and other damages. This was part of a systematic plan by American Southern to underpay, or not pay at all, damages that it knows are covered under the Policy. Those payments remain due and owing.

24.     American Southern failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

25.     American Southern failed to adopt and implement reasonable standards for prompt investigation of the claim arising under its policy.

26.     American Southern failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

27.     American Southern refused to pay the claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

28.     American Southern misrepresented the insurance policy under which it affords property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). American Southern misrepresented the

insurance policy to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

29.     American Southern misrepresented the insurance policy under which it affords property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

30.     American Southern misrepresented the insurance policy under which it affords property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

31.     American Southern knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

32.     For the Property, there remain outstanding amounts owed under the Policy. American Southern owes, but has failed to pay, those amounts.

## Count 2 – Violations of the Texas Insurance Code, Section 542

33.     Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

34.     American Southern failed to timely commence investigation of the claims or to request from Plaintiff any additional items, statements or forms that American Southern reasonably believed to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

35.    American Southern delayed payment of Plaintiff's claims in violation of Texas Insurance Code Section 542.058(a).

36.    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

### Count 3 – Breach of Contract

37.    Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

38.    American Southern's actions and conduct, as described herein, breached the insurance contract constituting the Policy. Plaintiff has performed, and/or American Southern has waived, all conditions precedent to recovery under the contract.

### Count 4 – Statutory Interest

39.    Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of the Complaint as if fully set forth herein.

40.    Plaintiff makes a claim for statutory interest penalties along with reasonable attorneys' fees for violations of Texas Insurance Code Sections 542.058 and 542.060.

### Count 5 – Breach of Duty of Good Faith & Fair Dealing

41.    Plaintiff re-alleges and incorporates each allegation contained in the previous Paragraphs of this Complaint as if fully set forth herein.

42.    American Southern, as the property coverage insurer, had a non-delegable duty to deal fairly and in good faith with Plaintiff in the processing of the claim. American Southern breached this duty by refusing to properly investigate and effectively denying insurance benefits. American Southern knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of American Southern's breach of these legal duties, Plaintiff suffered legal damages.

**Count 6 – Punitive Damages for Bad Faith**

43.    Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

44.    Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claims for benefits. Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff.

**Count 7 – Violations of Texas Deceptive Trade Practices Act**

45.    Plaintiff re-alleges and incorporates each allegation contained in previous paragraphs of this Complaint as if fully set forth herein.

46.    The Texas Deceptive Trade Practices Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well. Defendant has also acted unconscionably, as that term is defined under the DTPA.

47.    Each of the actions described herein were done "knowingly" as that term is used in the DTPA and were a producing cause of Plaintiff's damages.

**Resulting Legal Damages**

48.    Plaintiff is entitled to the actual damages resulting from the Defendant's violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits including loss of the property and business;

and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

49.     As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

50.     Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

51.     Plaintiff is entitled under law to the recovery of post-judgment interest at the maximum legal rate.

52.     Defendant's knowing violations of the Texas Insurance Code entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

53.     Plaintiff is entitled to statutory interest as damages under the Texas Insurance Code 542.060(c).

54.     Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001 and Texas Insurance Code 542.060(a)-(c).

### PRAYER

Plaintiff respectfully requests that Plaintiff has a judgment against Defendant for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**RAIZNER SLANIA, LLP**

_____
JEFFREY L. RAIZNER

State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
TODD R. WELLS
State Bar No. 24124620
THEODORE F. RICHARDSON
State Bar No. 24137152
JOSHUA D. RAIZNER
State bar No. 24137427
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554-9098
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many.   The necessary jury fee has been paid.*

_____

**ANDREW P. SLANIA**